UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| KAYLA WADDELL, ) | |
| ) | |
| Plaintiff, ) | Case: 2:24-cv-02264 |
| ) | |
| v. ) | |
| ) | |
| PLASTIPAK PACKAGING, INC., ) | |
| ) | |
| Defendant. ) | Jury Trial Demanded |
| ) | |

## COMPLAINT

Plaintiff, Kayla Waddell ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Plastipak Packaging, Inc. ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

3. Venue of this action properly lies in the Central District of Illinois, Urbana Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in

this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, have occurred or been complied with.

5. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Kayla Waddell, resides in Vermilion County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Plastipak Packaging, Inc., is a corporation doing business in and for Champaign County whose address is 3310 W Springfield Avenue, Champaign, Illinois 61822-2869.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

11. Plaintiff was hired by Defendant as a machine operator on or around July 30, 2023.

12. Plaintiff has a physical/mental impairment substantially limits major life activities.

13. Plaintiff is a "qualified individual" as defined under the ADA.

14. Regardless of Plaintiff's disability, she was qualified to perform the essential functions of her job, with or without accommodation.

15. On or around July 2, 2024, Plaintiff sustained a serious injury when she fell from a tree, resulting in fractures to Plaintiff's lumbar vertebrae (L2, L3, L4, L5).

16. Plaintiff sought immediate medical attention that same day, and Plaintiff's doctor advised her to schedule MRIs and follow certain work restrictions, including no lifting over 20 pounds and no bending.

17. Plaintiff went to work and informed Defendant of her work restrictions, thereby requesting reasonable accommodations, but instead of engaging in the interactive process or accommodating Plaintiff they sent Plaintiff home that night.

18. Effectively, Defendant denied Plaintiff's accommodation request and failed to engage in the interactive process as required by the ADA.

19. Therefore, Plaintiff had to submit a second request for reasonable accommodation, requesting to be placed in alternative positions that would accommodate Plaintiff's restrictions, including at the end of the line, as well as in the "parts room" and "quality room."

20. However, Plaintiff's requests were denied.

21. Instead of finding reasonable accommodation in another position, Plaintiff was informed that she could not return to work until she was fully cleared without restrictions.

22. After undergoing an MRI on or about July 13, 2024, which confirmed that

Plaintiff's lumbar fractures had not fully healed, Plaintiff requested to return to work as soon as possible to meet her financial obligations.

23. Although Plaintiff's doctor recommended a much longer recovery period, Plaintiff sought and obtained clearance to return to work without restrictions starting July 15, 2024.

24. Plaintiff felt like she had no other choice but to take this action because Defendant had shown no desire to accommodate Plaintiff's disability.

25. Therefore, on or about July 18, 2024, Plaintiff returned to work.

26. Despite Plaintiff's return to work, and being able to complete her job duties, Plaintiff was terminated on or about August 15, 2024, due to the absences immediately following Plaintiff's injury.

27. These absences were during the time period in which Defendant refused to accommodate Plaintiff leaving her no other option but to be absent.

28. Prior to this incident, Plaintiff had an exemplary attendance record and rarely, if ever, missed a day of work.

29. Ultimately, Defendant failed to accommodate Plaintiff's disability, despite Plaintiff's reasonable request for accommodating her disability within her role or another position in the facility.

30. Instead of accommodating Plaintiff's disability, on or about August 15, 2024, Plaintiff was terminated on the basis of Plaintiff's disability and engaging in protected activity as described above.

31. The purported justification for termination was unlawful discrimination based on disability or because Defendant perceived Plaintiff as disabled.

## COUNT I
### Violations of the Americans with Disabilities Act
### (Disability-Based Discrimination)

32. Plaintiff repeats and re-alleges paragraphs 1-31 as if fully stated herein.

33. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

34. Plaintiff met or exceeded performance expectations.

35. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

36. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

37. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

38. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

39. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

40. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Americans with Disabilities Act
### (Failure to Accommodate)

41. Plaintiff repeats and re-alleges paragraphs 1-31 as if fully stated herein.

5

42. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq

43. Plaintiff is a qualified individual with a disability.

44. Defendant was aware of the disability and the need for accommodations.

45. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

46. Plaintiff's reasonable accommodations that was requested was not an undue burden on the Defendant.

47. Defendant did not accommodate Plaintiff's disability.

48. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's disability.

49. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

50. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

### COUNT III
### Violation of Americans with Disabilities Act
### (Retaliation)

51. Plaintiff repeats and re-alleges paragraphs 1-31 as if fully stated herein.

52. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

53. During Plaintiff's employment with Defendant, Plaintiff request reasonable accommodations in relation to her disability.

54. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

55. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting reasonable accommodation, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

56. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

57. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

58. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

   a. Back pay with interest;

   b. Payment of interest on all back pay recoverable;

   c. Front pay;

   d. Loss of benefits;

   e. Compensatory and punitive damages;

   f. Reasonable attorneys' fees and costs;

   g. Award pre-judgment interest if applicable; and

   h. Award Plaintiff any and all other such relief as the Court deems just and

proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 19th day of November, 2024.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*